# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ALIN CHRISTOPHER PROPHETE,**

    **Plaintiff,**

**vs.**                                                              **Case No. 4:18cv373-WS/CAS**

**DR. GEORGE, et al.,**

    **Defendants.**

**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed a second amended complaint pursuant to 42 U.S.C. § 1983.  ECF No. 8. Plaintiff's second amended complaint has been reviewed as required by 28 U.S.C. § 1915A and it now appears that Plaintiff has dismissed his claim against the Secretary of the Florida Department of Corrections and proceeds only against Defendants George and Putney for allegedly violating his Eighth Amendment right to medical care.  *Id.*

Plaintiff is currently housed at Union Correctional Institution, and Defendants George and Putney are located at Union Correctional

Institution and Columbia Correctional Institution.  None of the events about which Plaintiff complains took place in the Northern District of Florida. Therefore, because the events at issue in this case and all Defendants are located in the Middle District of Florida, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

**RECOMMENDATION**

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this

Case No. 4:18cv373-WS/CAS

action to the United States District Court for the Middle District of Florida,

Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 5, 2019.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**


Case No. 4:18cv373-WS/CAS